IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| NGAN KIM NGUYEN MINNIS, | |
| Plaintiff, | CIVIL ACTION NO.: 5:24-cv-13 |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

### O R D E R

Defendant filed a Motion to Dismiss. Doc. 14. Plaintiff filed a Response opposing Defendant's Motion. Doc. 17. For the reasons stated below, I **GRANT** Defendant's Motion to Dismiss, **DISMISS with prejudice** Plaintiff's claims against Defendant, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. Doc. 2. I further **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

### BACKGROUND

Plaintiff filed the Complaint, seeking review of the Social Security Commissioner's denial of Social Security disability insurance benefits and supplemental security income. Doc. 1. Plaintiff argued she could not perform the jobs the Commissioner identified in the decision denying benefits. Id. at 3.

Defendant filed this Motion to Dismiss, arguing the statute of limitations bars Plaintiff's claims. Doc. 14. Because the defect is not curable, Defendant also seeks dismissal with

prejudice. Id. at 6. In her Response, Plaintiff argues against dismissal, citing chronic medical conditions. Doc. 17.

## STANDARD OF REVIEW

In considering a motion to dismiss filed based on Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's factual allegations are "enough to raise a right to relief about the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). Furthermore, all facts alleged by the plaintiff must be accepted as true. Id. at 406. When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). As for pro se plaintiffs, the Court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## DISCUSSION

**I.    The Statute of Limitations Bars Plaintiff's Claims**

The applicable statute of limitations bars Plaintiff's claims. "[A] statute of limitations defense may be raised on a motion to dismiss for failure to state a claim for which relief can be granted under [Federal Rule of Civil Procedure] 12(b)(6) . . .when the complaint shows on its face that the limitations period has run." AVCO Corp. v. Precision Air Parts, Inc., 676 F.2d 494,

2

495 (11th Cir. 1982)).  Section 405(g) of Title 42 of the United States Code establishes judicial review of Social Security cases.  Specifically, an individual "may obtain a review of" the Commissioner's final decision "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  Id.  The date of receipt of the notice is "presumed to be 5 days after the date of such notice."  20 C.F.R. § 422.210.

Defendant states an Administrative Law Judge ("ALJ") denied Plaintiff's claims for benefits on March 7, 2023.  Doc. 14 at 2.  On June 21, 2023, the Appeals Council denied Plaintiff's request for review.  Id. at 3.  Therefore, according to Defendant, Plaintiff had 65 days after June 21, 2023 to sue.  The Appeals Council did not grant any extensions.  Id. at 4.  Plaintiff filed her Complaint on March 1, 2024, more than eight months later.  Doc. 1.  Plaintiff does not contest any of these allegations.

Defendant argues the Complaint should be dismissed with prejudice, as untimeliness is a defect that cannot be cured.  Doc. 14 at 6.  Defendant admits Plaintiff filed two additional Social Security actions in this District.  Plaintiff filed one complaint on July 27, 2023.  Case No. 5:23-cv-73.  The Court affirmed the ALJ's decision.  Id. at ECF No. 25.  Plaintiff filed an additional complaint on January 4, 2024, which the Court dismissed without prejudice.  Case No. 5:24-cv-1, at ECF No. 11.  Defendant argues neither complaint affects the statute of limitations.  Doc. 14 at 6.  Plaintiff also does not contest these allegations.

Defendant has shown the statute of limitations bars Plaintiff's claims.  The complaint form included a field asking Plaintiff "When did you receive notice that the Commissioner's decision was final?"  Plaintiff filled in the date "6/23/23."  Doc. 1 at 3.  Plaintiff filed the Complaint on March 1, 2024.  Id. at 1.  Plaintiff attached a document, dated July 22, 2023, in

which she requested "another day in court" due to chronic medical conditions. Id. As noted above, § 405(g) explicitly provides 60 days to file a Complaint, with an additional 5 days for mailing under 20 C.F.R. § 422.210. This limitation is mandatory. See Erickson v. Comm'r of Soc. Sec., 431 F. App'x 809, 811 (11th Cir. 2011) ("Chapter 42 U.S.C. § 405(g) provides the exclusive jurisdictional basis for cases arising under the Social Security Act."); Bowen v. New York, 476 U.S. 467 (1986) (finding § 405(g)'s 60-day window constitutes a statute of limitations). Because Plaintiff filed the Complaint over eight months after the limitations period closed, the action is untimely.

Plaintiff also presents no grounds for tolling. First, Plaintiff's prior lawsuits do not toll the limitations period. "For purposes of a limitations period, an action that is dismissed without prejudice is ordinarily treated as never filed." Wright v. Waste Pro USA, Inc., 69 F.4th 1332, 1337 (11th Cir. 2023). Just because Plaintiff filed prior lawsuits does not mean the limitations period has been tolled. The Complaint, on its face, also presents no reason why such tolling should be applied. Second, Plaintiff's stated health concerns do not toll the limitations period. The doctrine of equitable tolling requires a plaintiff to demonstrate extraordinary circumstances excusing a late filing. Jackson v. Astrue, 506 F.3d 1349, 1353 (11th Cir. 2007). Extraordinary circumstances can include things like fraud, misinformation, or deliberate concealment. Id. at 1355. Plaintiff's circumstances are not extraordinary and do not justify filing a complaint over eight months late. See id. at 1356 (stating that "this Court has defined 'extraordinary circumstances' narrowly").

Defendant has shown the applicable statute of limitations bars Plaintiff's claims and those claims are not subject to tolling. Therefore, I **GRANT** Defendant's Motion to Dismiss,

**DISMISS with prejudice** Plaintiff's claims against Defendant,[1] and **DIRECT** the Clerk of Court enter the appropriate judgment of dismissal and to **CLOSE** this case.  I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court.

### II.     Leave to Appeal *in Forma Pauperis*

The Court also denies Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

---

[1]     "A ruling based on the statute of limitations is a decision on the merits for *res judicata* purposes." Otero v. Newrez LLC, No. 21-12990, 2022 WL 3155414, at *2 (11th Cir. Aug. 8, 2022) (quoting Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972)).

5

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, I **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **GRANT** Defendant's Motion to Dismiss, **DISMISS** Plaintiff's Complaint in its entirety, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. I **DENY as moot** Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* in this Court. I further **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 28th day of March, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA